**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ROBERT E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 3:07-CV-0009 PS |
| ) | |
| RONALD KURMIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Robert Smith, a prisoner confined at the Indiana State Prison, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that jail officials at the Porter and St. Joseph County jails violated his federally protected rights while he was housed in those facilities as a pretrial detainee. He seeks injunctive and declaratory relief.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

According to the complaint, on September 29, 2005, St. Joseph County Jail officials placed Mr. Smith in disciplinary segregation for seventy-five days without conducting a hearing. Mr. Smith was subsequently transferred to the Porter County Jail on February 10, 2006, and he alleges that officials there immediately placed him in administrative segregation. He was still in

administrative segregation at the Porter County Jail when he filed this complaint. After his conviction, he was committed to the Indiana Department of Correction, and he is currently confined at the Indiana State Prison.

This Court has already reviewed Mr. Smith's claims regarding his confinement in administrative segregation at the Porter County Jail in *Smith v. Kurmis*, 3:06cv464 AS. That case was dismissed pursuant to 28 U.S.C. § 1915A on August 3, 2006. Thus, most of the claims Mr. Smith presents here dealing with his placement in administrative segregation at the Porter County Jail are barred by the doctrine of *res judicata* or claim preclusion.

> Under the doctrine of *res judicata* (claim preclusion), a final judgment on the merits of an action bars further claims by the parties or their privies based on the same action. Moreover, *res judicata* bars not only those issues that the parties actually litigated, but also any issue which the parties could have raised in the prior action.

*Gray v. Lock*, 855 F.2d 399, 404-405 (7th Cir.1989) (citations omitted).

Mr. Smith presents some claims relating to his continuing confinement in administrative segregation at the Porter County Jail that may have arisen after August 3, 2006; however, any such claims are moot as to injunctive and declaratory relief, as are his claims for injunctive and declaratory relief for events that occurred at the St. Joseph County Jail.

If a prisoner is released or transferred to another prison after he files a complaint, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Mr. Smith is no longer confined at the Porter County Jail, and he had already left the St. Joseph County Jail when he filed his complaint in this case. Thus, Mr. Smith's injunctive relief claims against St. Joseph

2

County Jail officials were moot when he filed this complaint, and his transfer to the Indiana Department of Correction also moots his request for injunctive relief against Porter County Jail officials.  *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

It is unlikely, unless he is released and later rearrested, that Mr. Smith will return to either the St. Joseph Jail or the Porter County Jail.  Moreover, the mere possibility of re-transfer is insufficient. The standard to be applied here is whether he is "likely to be re-transferred." There is no reasonable basis here to conclude that Mr. Smith is "likely to be re-transferred" to the St. Joseph or Porter County jails.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint.

**SO ORDERED.**

ENTERED: April 20, 2007

S/ Philip P. Simon
Philip P. Simon, Judge
United States District Court